IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>    v.<br><br>JOSIEL HIDALGO HIDALGO | CRIMINAL ACTION<br>NO. 15-337 |

**PAPPERT, J.**                                                                                            January 31, 2023

**MEMORANDUM**

Josiel Hidalgo Hidalgo seeks compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). After considering his Motion (ECF 60), the Government's Response (ECF 62), and Hidalgo Hidalgo's Reply (ECF 66), the Court denies the Motion. Extraordinary and compelling reasons do not warrant his release.

I

In June of 2015, Hidalgo Hidalgo distributed approximately five pounds of methamphetamine to a confidential source and arranged to deliver six more pounds to the confidential source later that night. He was arrested when he arrived at the meeting place for the second delivery. Hidalgo Hidalgo ultimately pleaded guilty to one count of distributing more than fifty grams of methamphetamine, and one count of possessing more than fifty grams of methamphetamine with intent to distribute. 21 U.S.C. §§ 841(a)(1), (b)(1)(A). He was sentenced to 152 months in prison and three years of supervised release. Hidalgo Hidalgo is currently incarcerated at FCI McDowell. He has served approximately 90 months of his sentence and, as of September of 2022, received approximately twelve months' credit for good conduct, for approximately 102 months of total time served. (Government Resp. at 3, ECF 62.)

1

While in custody, Hidalgo Hidalgo has "completed several educational programs," "maintained employment in the BOP and received positive work reports," and "is active in religious services." (Mot. for Compassionate Release 6, ECF 60.)

Hidalgo Hidalgo believes he is entitled to compassionate release because of his health issues—prostate abnormalities and an elevated risk of COVID complications due to obesity; the need to care for ailing relatives; his rehabilitation and support from his family; and harsh conditions at FCI McDowell.

## II

A motion for compassionate release "may be granted if the court finds that the sentence reduction is (1) warranted by 'extraordinary and compelling reasons'; (2) 'consistent with applicable policy statements issued by the Sentencing Commission'; and (3) supported by the traditional sentencing factors under 18 U.S.C. § 3553(a), to the extent they are applicable."[1]  *United States v. Andrews*, 12 F.4th 255, 258 (3d Cir. 2021) (quoting 18 U.S.C. § 3582(c)(1)(A)).

### A

None of Hidalgo Hidalgo's health problems constitute "extraordinary and compelling circumstances" warranting his release. He contends he is at enhanced risk of severe illness from COVID-19 because he is "extreme[ly] obese."[2] (Mot. 4, ECF 60.) But he has been vaccinated, mitigating his risk of COVID-19 complications.

---

[1] There is currently no "applicable policy statement" binding on courts in prisoner-initiated compassionate release cases, although it is permissible to look to U.S.S.G. § 1B1.13 cmt. n.1 for guidance in such cases. *United States v. Andrews*, 12 F.4th 255, 260 (3d Cir. 2021).

[2] Hidalgo Hidalgo reports that he is five feet, four inches tall and weighs 265 pounds, so his BMI is 45. *Body Mass Index Table 2*, NAT'L HEART, LUNG & BLOOD INST., NAT'L INST. FOR HEALTH, https://www.nhlbi.nih.gov/health/educational/lose_wt/BMI/bmi_tbl2.htm. A BMI greater than 40 is "sometimes categorized as 'severe' obesity." *Defining Adult Overweight & Obesity*, CENTERS FOR DISEASE CONTROL & PREVENTION, https://www.cdc.gov/obesity/basics/adult-defining.html.

(Government Resp. at 4, ECF 62); *see United States v. Evans*, No. 18-219, 2022 WL 2718524, at *2 (E.D. Pa. July 13, 2022) (risk of COVID-19 to vaccinated inmate with BMI of 46 was not "extraordinary and compelling" circumstance); *see also United States v. Estevez-Ulloa*, No. 21-2432, 2022 WL 1165771, at *2 (3d Cir. April 20, 2022) (unpublished) (vaccine availability generally negates argument for compassionate release based on inmate's heightened risk of severe illness from COVID-19).

While incarcerated, Hidalgo Hidalgo was diagnosed with a prostate abnormality, which he now claims justifies a sentence reduction. But his medical records show the condition is well managed in prison, and there is no reason to believe he cannot continue to access adequate medical care there.

B

Hidalgo Hidalgo also believes extraordinary and compelling family circumstances warrant relief. He says his mother, father, and brother all suffer from disabilities: his mother has diabetes, osteoporosis, and high blood pressure; his father has diabetes and high blood pressure; and his brother was seriously injured in a car accident. Hidalgo Hidalgo never claims he is the only one who can care for his family members, and courts "in this District have yet to find care for elderly or ill parents [rises] to the level of extraordinary and compelling circumstances," particularly where the defendant has not shown that he is the only person available to care for them. *United States v. Moore*, No. 14-209-2, 2020 WL 7024245, at *5 (E.D. Pa. Nov. 30, 2020) (collecting and discussing cases).

3

C

Hidalgo Hidalgo describes several conditions of his confinement at FCI McDowell he believes constitute extraordinary and compelling circumstances warranting his release from the facility. Since March of 2020, the Bureau of Prisons has implemented a range of pandemic-related restrictions to curtail the spread of COVID. Other public health threats at the prison, according to Hidalgo Hidalgo, are left unchecked—he claims there have been outbreaks of *H. Pylori* and tuberculosis, carbon monoxide poisonings, and a rodent infestation in the dining hall. In addition, the "low security" "privatized prison" where Hidalgo Hidalgo was initially housed has closed, and he was transferred "to a higher security prison based on available bed space in the BOP." (Mot. 8, ECF 60.) But the COVID restrictions are public health measures applicable to all inmates, and thus not extraordinary and compelling circumstances that would justify Hidalgo Hidalgo's release. *See United States v. Acosta*, 2022 WL 2133866, at *4 n.3 (E.D. Pa. June 14, 2022) ("conditions of confinement . . . applicable to all inmates . . . do not in themselves warrant special treatment" (quotation omitted)). The same goes for the unsanitary conditions Hidalgo Hidalgo alleges. And Hidalgo Hidalgo has not shown that the security level at FCI McDowell is so inappropriate as to constitute an extraordinary and compelling reason to release him from prison altogether.

D

Finally, Hidalgo Hidalgo points to his rehabilitation and his family's willingness to assist his reentry into society to support his Motion. To the extent he argues that these are extraordinary and compelling circumstances, the Court disagrees. Without

diminishing his efforts at rehabilitation or the value of family support, Hidalgo Hidalgo's relatives' desire for him to return home is not an extraordinary and compelling justification for release.  And Congress has expressly ruled out a finding of extraordinary and compelling circumstances based on rehabilitation alone.  28 U.S.C. § 994(t), *United States v. Rodriguez*, 451 F. Supp. 3d 392, 405 (E.D. Pa. 2020).

Even if Hidalgo Hidalgo did present extraordinary and compelling reasons for release, it would be unwarranted based on the § 3553(a) factors.  *See United States v. Pawlowski*, 967 F.3d 327, 331 (3d Cir. 2020) (affirming denial of compassionate release for at-risk inmate because "the § 3553(a) factors weigh[ed]" against release).  The Court carefully considered these factors when Hidalgo Hidalgo was sentenced in 2017 and does so again now.  He earned his sentence by possessing and distributing 11 pounds of 100% pure methamphetamine.  Releasing him now would be inconsistent with the seriousness of his crime and fail to promote respect for the law, provide just punishment or afford adequate deterrence.  *See* 18 U.S.C. § 3553(a)(1), (2)(A)–(B).

An appropriate Order follows.

                                            BY THE COURT:

                                            ***/s/ Gerald J. Pappert***
                                            GERALD J. PAPPERT, J.